131 F.3d 150
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
REAL PROPERTY, Located in San Joaquin County at 12900 East
Peltier Road, Acampo, California, Apn:
017-270-04, Including Appurtenances and
Attachments Thereto, Defendant,
Cornelius P. Verburg, a/k/a Case P. Verburg; Judy A.
Mitchell, a/k/a Judy A. Perry, Claimants-Appellants,
and
Wells Fargo Bank, Claimant.
 
 No. 96-17303.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1997.**
Decided Nov. 19, 1997.
 Appeal from the United States District Court for the Eastern District of California, No. CV-93-00316-WBS; William B. Shubb, District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Cornelius P. Verburg and Judy A. Mitchell appeal the district court's summary judgment in favor of the United States in the United States' action seeking civil forfeiture of appellants' real property pursuant to 21 U.S.C. § 881(a)(7). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's grant of summary judgment de novo, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.
 
 
 3
 Appellants contend that the district court erred by granting summary judgment because there was a genuine issue of material fact as to the value of the marijuana seized on their property. Appellants argue that, because they submitted evidence that the value of the seized marijuana was at most $90,000, the forfeiture of their property, valued at $207,000, constituted an excessive fine in violation of the Eighth Amendment. This contention lacks merit.
 
 
 4
 After a de novo review of the record, we conclude that the district court properly found that appellants' property was an instrumentality of the crime appellants committed and that the value of the property is proportional to appellants' culpability. See United States v. Real Property Located in El Dorado County at 6380 Little Canyon Road, 59 F.3d 974, 985-86 (9th Cir.1995). We also conclude that appellants' declarations are insufficient to raise a genuine issue of material fact as to the value of the seized marijuana. See United States v. Wilson, 881 F.2d 596, 601 (9th Cir.1989) (per curiam).
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3